J-S34001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: W.A.L.W., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: A.N.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 751 WDA 2022 |

Appeal from the Order Entered May 20, 2022
In the Court of Common Pleas of Blair County Domestic Relations at
No(s):  Docket No. 2022 AD1

| | | |
|---|---|---|
| IN RE: K.V.R.W., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: A.N.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 752 WDA 2022 |

Appeal from the Order Entered May 20, 2022
In the Court of Common Pleas of Blair County Domestic Relations at
No(s):  Docket No. 2022 AD 1A

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED: OCTOBER 17, 2022**

A.N.S. ("Mother") appeals from the May 20, 2022 Order that involuntarily terminated her parental rights to W.A.L.W., born in September 2017, and K.V.R.W., born in October 2018 (collectively, "Children").  Upon review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

A detailed factual and procedural history is unnecessary to our disposition. Briefly, on April 13, 2021, police responded to a report that Mother was acting erratically, and that her home was "trashed." Trial Ct. Op., dated 7/19/22, at 5. Upon investigation, police contacted the Blair County Children, Youth, and Families ("the Agency") to obtain emergency custody of Children and subsequently committed Mother to a mental health facility. On April 28, 2021, the trial court adjudicated then-three-year-old and then-two-year-old Children dependent and placed them in a pre-adoptive foster care home, where they remain. The court ordered Mother to complete a mental health evaluation and a drug and alcohol evaluation and follow all recommended treatment. The court also ordered Mother to participate in reunification services with Children, including visitation.

Mother underwent inpatient drug and alcohol treatment in October 2021, was subsequently discharged to a halfway house, and left after two weeks. Mother has not participated in a mental health evaluation and has not visited with Children since June 2021. Moreover, the Agency has not had contact with Mother since November 2021.

Children are thriving in their pre-adoptive foster home and are bonded with their foster parents. In the home, they are receiving early intervention services and have received extensive medical and dental care for neglected issues.

On January 14, 2022, the Agency filed Petitions for Involuntary Termination of Parental Rights. The court appointed Children's guardian *ad*

*litem* ("GAL") to serve as Children's legal counsel, after concluding that the dual role did not pose a conflict. After a two-day hearing, the trial court terminated Mother's parental rights to Children on May 19, 2022. The Children's GAL agreed with this decision.

Mother timely appealed. Both Mother and the trial court complied with Pa.R.A.P. 1925.

Mother raises a sole issue for our review: "Whether the honorable court erred in terminating parental [rights] of [] Mother [] without the [Agency] properly investigating placement resources where [C]hildren and Mother might reside together." Mother's Br. at 4 (some capitalization omitted).

In addressing Mother's issue, we are mindful of our well settled standard of review. When we review a trial court's decision to grant or deny a petition to involuntarily terminate parental rights, we must accept the findings of fact and credibility determinations of the trial court if the record supports them. *In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013). "If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion." *Id.* (citation omitted). "Absent an abuse of discretion, an error of law, or insufficient evidentiary support for the trial court's decision, the decree must stand." *In re R.N.J.*, 985 A.2d 273, 276 (Pa. Super. 2009) (citation omitted).

Section 2511 of the Adoption Act, 23 Pa.C.S. § 2511, governs termination of parental rights, and requires a bifurcated analysis. "Initially, the focus is on the conduct of the parent." *In re Adoption of A.C.*, 162 A.3d

1123, 1128 (Pa. Super. 2017) (citation omitted). "The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in Section 2511(a)." *Id.* (citation omitted). "If the court determines that the parent's conduct warrants termination of his or her parental rights, the court then engages in "the second part of the analysis pursuant to Section 2511(b): determination of the needs and welfare of the child under the standard of best interests of the child." *Id.* (citation omitted).

Mother does not challenge the trial court's termination of her parental rights pursuant to Section 2511(a) or (b), but rather avers that the Agency failed to explore the possibility of the Children living with her in a "Mommy and Me" program, and, therefore, the trial court abused its discretion when it terminated her parental rights. Mother's Br. at 5-6. Mother argues that the Agency was "compelled to exhaust all reasonable alternatives" prior to terminating her parental rights. *Id.* at 6. Mother further contends that the trial court terminated her parental rights in error when the court failed to consider the prospect of her "and [C]hildren entering a mutual residential program." *Id.* Essentially, Mother argues that the Agency failed to demonstrate that it made reasonable efforts to reunify her and Children prior to filing the termination petition. Mother fails to cite to the record or any relevant legal authority to support her arguments, and, as explained below, our Supreme Court has rejected this very argument.

In ***In the Interest of: D.C.D.***, 105 A.3d 662, 672-75 (Pa. 2014), our Supreme Court rejected the argument that an agency must provide reasonable efforts to enable a parent to reunify with a child prior to the termination of parental rights. While the Court recognized that an agency cannot deny a parent services and then condemn him or her for a lack of progress in an area the services would have addressed, the Court held that exertion of reasonable efforts is not a statutory prerequisite to the termination of parental rights under the Adoption Act. ***Id.*** at 672. Stated another way, "[n]either subsection (a) nor (b) requires a court to consider the reasonable efforts provided to a parent prior to termination of parental rights." ***Id.***

Mother's underdeveloped argument is meritless and does not entitle her to relief.[1] Our review of the record supports the trial court's termination of Mother's parental rights pursuant to Section 2511(a) and (b).

Order affirmed.

_____

[1] We also note that Mother's Brief is woefully insufficient. Mother fails to include a statement of the scope of review, a statement of the case, or a summary of the argument in compliance with Pa.R.A.P. 2111. Further, Mother fails to provide a synopsis of evidence, citations to relevant legal authorities, or reference to the record in her argument section as required by Pa.R.A.P. 2119. We decline to quash Mother's appeal, however, because our appellate review of Mother's sole argument was not hampered by the shortcomings in her Brief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/17/2022</u>